THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES L. CAGE, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JUDITH A. FISHER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATRICIA H. BLOOD, Appellant.

Third Department, December 28, 1972.

*Andrew M. Pinckney, Public Defender (Joseph M. Brennan* of counsel), for appellants.

*Arnold W. Proskin, District Attorney (John A. Williamson, Jr.,* of counsel), for respondent.

KANE, J. These are appeals from judgments of the County Court in Albany County, rendered March 21, 1972 and March 24,

1972, convicting defendants on their pleas of guilty of the crime of possession of a dangerous drug, fourth degree.

Officers of the City of Albany Police Department, experienced in narcotics detection, conducted an investigation and surveillance of appellants at 367 Clinton Avenue, Albany, New York, for a period of 3 to 4 weeks. As a result of their efforts and information provided by two informants, a search warrant was obtained in November, 1971 for the premises at 367 Clinton Avenue to establish that appellants were trafficking in heroin. When execution of the warrant was attempted, the premises were found to be vacant with some evidence of a hasty departure. At this point, one of the informants appeared on the scene with information that the appellants were at 134 Lark Street and that a paper bag containing heroin was on a table in their apartment at that address. The officers proceeded to return to their headquarters to plan further activities and on the way another of the informants waved them down. This informant revealed that he had just purchased some heroin from the appellants at their 134 Lark Street address and that they were aware of the surveillance that had been going on and were contemplating disposing of the heroin in their possession. He also described the brown bag containing heroin on the table at the Lark Street apartment. With this information the officers decided not to obtain another search warrant, proceeded immediately to 134 Lark Street, entered the hallway outside of the apartment, and upon hearing voices they believed to be those of two of the defendants, they forced entry into the apartment. The three appellants were present and the brown paper bag was observed on the table, as well as other contraband in plain view in a bedroom on a dresser. During the search a hypodermic needle, syringe and other articles were found in a closet, in front of which one of the defendants was standing at the time of the arrests.

The first question raised on this appeal is whether probable cause existed for the officers to make an arrest without a warrant (CPL 140.10, subd. 1, par. [b]). We find that there was considering the results of the raid at 367 Clinton Avenue and the additional information provided almost simultaneously by the two informants. On prior occasions both informants had given information which led to narcotics convictions, and they also provided part of the basis for the search warrant against 367 Clinton Avenue. These circumstances presented the necessary reliability of both informants upon which the officers had good reason to rely, and to proceed with an arrest without a warrant

(CPL 140.10, subd. 1, par. [b]; *People* v. *Powell*, 30 N Y 2d 634; *People* v. *Cohen*, 23 N Y 2d 674; *People* v. *Rosario*, 23 N Y 2d 670; *People* v. *Montague*, 19 N Y 2d 121; *People* v. *Coffey*, 12 N Y 2d 443; *People* v. *Richardson*, 36 A D 2d 603).

The officers then, incident to the lawful arrest, conducted a warrantless search which is also questioned on this appeal. Reasonably treating the circumstances with the immediacy and urgency indicated, the officers quickly went to 134 Lark Street, and upon recognizing voices of two of the appellants from outside an apartment, they forced entry and searched the apartment. Such action was justifiable to prevent the destruction, damaging or secretion of material evidence which they had reason to believe was in the apartment (CPL 140.15, subd. 4; 120.80, subd. 4; *People* v. *E.*, 38 A D 2d 394; *People* v. *Richardson, supra*; *People* v. *McIlwain*, 28 A D 2d 711).

The search and seizure of the contraband goods in the apartment was well within constitutional limits. All but the hypodermic needle, syringe and related items were visible and within the presence of the appellants, and therefore fall within the plain view principle (*Coolidge* v. *New Hampshire*, 403 U. S. 443, 465). The narcotic instruments were in a closet in front of which one appellant was standing at the moment of arrest and this search and seizure comes within the rule of *Chimel* v. *California* (395 U. S. 752) which permits of a search of the arrestee's person and the area into which the arrestee might reach in order to grab a weapon or evidentiary items.

The motions to suppress were properly denied.

The judgments should be affirmed.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgments affirmed.